UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMELIA BURCH,

          Plaintiff,

                    Case No. 12-cv-13454
vs.                    HON. GERSHWIN A. DRAIN

MEDILODGE OF PORT HURON,
LLC, *et al.*,

          Defendants.

_____/

### ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIMS, DENYING WITHOUT PREJUDICE DEFENDANT ILKA'S MOTION FOR SUMMARY JUDGMENT [#23] AND CANCELLING APRIL 16, 2013 HEARING

On September 7, 2012, Plaintiff filed her First Amended Complaint raising three claims. Specifically, Plaintiff alleges that Defendant, Medilodge, violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., Count I; Defendants Port Huron Hospital, Willow Enterprises, and Richard Ilka, M.D. interfered with her business expectancy, Count II and all of the Defendants violated Michigan's Persons with Disabilities Civil Rights Act, MICH. COMP. LAWS § 37.1101, Count III.  The Court exercises jurisdiction over Count I based on federal question jurisdiction, in accordance with 28 U.S.C. § 1331.  Although the Court may, under 28 U.S.C. § 1367, exercise supplemental jurisdiction over the state law claims ancillary to the relief sought, for the reasons set forth below, the Court declines to exercise supplemental jurisdiction over Counts II and III and will dismiss these claims without prejudice.

Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where the district court "arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [district] court has discretion to decline to exercise its supplemental jurisdiction." *Cirasuola v. Westrin*, No. 96-1360, 1997 U.S. App. LEXIS 2242, *3 (6th Cir. April 18, 1997). Section 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over related state claims if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The United States Supreme Court has stated that:

> Our decisions have established that pendent jurisdiction 'is a doctrine of discretion, not of plaintiff's right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons.
>
> \*         \*         \*
>
> Accordingly, we have indicated that district courts should deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-73 (1997) (internal citations and quotations omitted). In determining whether to exercise its supplemental jurisdiction, this Court must consider judicial economy, convenience, fairness and comity, and also avoid needless decisions of state law. *Id.* at 173; *Gibbs*, 383 U.S. at 726.

"[A] federal court with pendent jurisdiction should normally dismiss state claims without

prejudice when it appears that the state issues 'substantially predominate' over the federal issues in terms of proof, scope, or comprehensiveness of the remedy sought." *Bodenner v. Graves*, 828 F.Supp. 516, 518 (W.D. Mich. 1993). In this instance, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims because her state claims substantially predominate over her single federal claim. 28 U.S.C. § 1367(c)(2). Plaintiff's state law claims will either require elements of proof distinct from the federal claim, or cause a substantial expansion of the suit beyond that necessary and relevant to her federal claim. A review of Dr. Ilka's Motion for Summary Judgment highlights this fact by raising issues purely implicating state medical malpractice law that have no bearing on Plaintiff's ADA claim.

While analysis of Plaintiff's state law disability claim often overlaps with the analysis for a claim under the ADA, there remains a potential for prolonged pre-trial practice, lengthened jury instructions and jury confusion that will impair judicial economy and trial convenience. Here, the exercise of supplemental jurisdiction will add additional parties, which are named in the lawsuit only with respect to Plaintiff's state law claims, specifically Dr. Ilka, Port Huron Hospital, and Willow Enterprises. *See Moor v. County of Alameda*, 411 U.S. 693, 713 (1973) (affirming district court's decision declining to exercise supplemental jurisdiction over state claims because exercise of such jurisdiction would require the addition of an entirely new party "which is implicated in the litigation only with respect to the pendent state law claim and not also with respect to any claim as to which there is an independent basis of federal jurisdiction."). While there will be some duplication of effort required by Plaintiff if Plaintiff pursues her claims in the state court, the Court concludes that any advantages to be gained by trying all three of her claims together are outweighed by the potential for confusion of the issues and prolonged litigation proceedings.

Accordingly, pursuant to 28 U.S.C. § 1367(c)(2), the Court exercises its broad discretion to decline supplemental jurisdiction over Plaintiff's state law claims.

IT IS ORDERED that Counts II and III are dismissed without prejudice.

IT IS FURTHER ORDERED that Defendant Ilka, M.D.'s Motion for Summary Judgment [#23] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: April 11, 2013                                      /s/Gershwin A Drain
                                                                                GERSHWIN A. DRAIN
                                                                                U.S. DISTRICT JUDGE